UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Merry Kogut, *derivatively on behalf of UnitedHealth Group Incorporated*, | Case No. 25-cv-2562 (JMB/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Stephen Hemsley, et al., | |
| Defendants, | |
| and | |
| UnitedHealth Group Incorporated, | |
| Nominal Defendant. | |

This matter is before the Court on Plaintiff Merry Kogut's *Motion for Leave to File Under Seal Portions of Her Complaint Pursuant to Local Rule 5.6(e)* ("Motion") (ECF No. 3). Plaintiff filed her Complaint under temporary seal pursuant to Local Rule 5.6(e). (ECF No. 1.) At the direction of the Court, she later filed an Amended Complaint under temporary seal. (ECF No. 9.) The Motion seeks the Court's leave to keep both pleadings under seal. (ECF No. 3.) Ms. Kogut argues sealing is appropriate because she is subject to a confidentiality agreement that: (1.) designates information in her pleadings as confidential; and (2.) requires her to file her initial pleadings under seal because they contain confidential information. For the reasons stated below, the Court grants the Motion.

As a threshold matter, the mere fact that information has been designated as confidential by the parties is not alone an adequate basis to justify indefinite sealing. *See Seamon v. Midwest Bonding, LLC*, No. 24-cv-82 (NEB/ECW), 2025 WL 847829, at *1 (D. Minn. Mar. 18, 2025).

Rather, the Court must consider the parties' interests in maintaining confidentiality in light of the "presumption of public access." *Marden's Ark, Inc. v. UnitedHealth Group, Inc.*, 534 F. Supp. 3d 1038, 1045 (D. Minn. 2021); *see also* Local Rule 5.6, 2017 Advisory Committee Note ("[T]he public does have a qualified right of access to information that is filed with the court. Even if such information is covered by a protective order, that information should not be kept under seal unless a judge determines that a party or nonparty's need for confidentiality outweighs the public's right of access."). "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *IDT Corp. v. eBay*, 709 F.3d 1220, 1224 (8th Cir. 2013). When the documents at issue played a material role in the exercise of Article III power or are of value to those monitoring the federal courts, "the presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). On the other hand, when the documents at issue did not play a material role in the exercise of Article III power or are of little value to those monitoring the courts, the presumption of public access instead "amounts to … a prediction of public access absent a countervailing reason." *IDT Corp.*, 709 F.3d at 1224 (citation modified).

The Court recently consolidated this matter with several other related lawsuits. *See McCollum v. Witty, et al.*, 24-cv-2562 (JMB/DJF) (D. Minn.) (ECF No. 24). Furthermore, the Court ordered the plaintiffs to file a new operative complaint in the consolidated action. (*Id.*) Given the consolidation and the order to file a new complaint, the pleadings filed in this particular proceeding will have no legal effect and will not play any material role in the exercise of Article III power. The Court therefore concludes that in this case the presumption of public access amounts to a prediction

of public access, and having reviewed the unredacted pleadings, the Court finds that the parties' interests in abiding by the terms of their confidentiality agreement is an adequate countervailing reason. For these reasons, the Court grants the Motion.

### ORDER

Based on the foregoing, and on all the files, records, and proceedings here, **IT IS HEREBY ORDERED** that Plaintiff Merry Kogut's *Motion for Leave to File Under Seal Portions of Her Complaint Pursuant to Local Rule 5.6(e)* (ECF No. 3) is **GRANTED**. The Clerk of Court is directed to **SEAL**: ECF Nos. 1 and 9.

Dated: October 21, 2025                     *s/ Dulce J. Foster*
                                            Dulce J. Foster
                                            United States Magistrate Judge